# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL C. AGUILAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Cause No. 1:18-cv-00393-TLS-SLC |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS, AGENCY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant the Department of Veterans Affairs' motion to strike Plaintiff Daniel C. Aguilar's response to Defendant's motion to dismiss based on untimeliness. (DE 15). Plaintiff filed a response to Defendant's motion to strike (DE 17), and Defendant filed a reply (DE 18). Thus, the motion to strike is ripe for ruling. For the reasons stated below, Defendant's motion to strike will be denied.

### A. Background

On February 4, 2019, Defendant filed a motion to dismiss contending that Plaintiff's complaint failed to plead a basis for this Court's jurisdiction or a claim for relief. (DE 12; DE 13). On February 27, 2019, Plaintiff filed a response objecting to Defendant's motion to dismiss. (DE 14). In the conclusion of Plaintiff's response, he also requests that the Court afford him 30 days to amend his complaint. (DE 14 at 3).

On March 4, 2019, Defendant filed a motion to strike Plaintiff's response to the motion to dismiss under Federal Rule of Civil Procedure 12(f), arguing that the response was not timely filed, and that such delay was not excused by good cause. (DE 15; DE 16). Defendant included

in its memorandum in support of its motion to strike, a reply to Plaintiff's response to the motion to dismiss. (DE 16 at 2-4).

On March 12, 2019, Plaintiff filed a response to Defendant's motion to strike, acknowledging that he had filed his response to Defendant's motion to dismiss after the deadline had passed and that he had not requested leave to file a belated response. (DE 17 ¶¶ 1-2). Defendant filed a reply arguing that Plaintiff had not demonstrated excusable neglect in filing the untimely response. (DE 18).

### B. Legal Standard

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). However, "a motion that seeks to remove unnecessary clutter serves not to delay, but rather to expedite." *Abayneh v. Zuelch*, No. 2:10-CV-415 RLM-RCB, 2011 WL 572407, at *1 (N.D. Ind. 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294).

Northern District of Indiana Local Rule 7-1(d)(2)(A) states that a party must file a response brief to a motion "within 14 days after the motion is served," unless the Court dictates otherwise. "Rule 6(b)(1)(B) provides that when a party moves to extend a deadline that has already passed, the court should deny the motion unless the movant can show that his failure to meet the deadline was the result of 'excusable neglect.'" *Knapp v. Evgeros, Inc.*, 322 F.R.D.

312, 315 (N.D. Ill. 2017) (citing Fed. R. Civ. P. 6(b)(1)(B); *Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016)).

"The determination whether a party's neglect is excusable is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id*. (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)). The Seventh Circuit Court of Appeals has stated that the "relevant circumstances" include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015) (citation omitted).

### C. Discussion

At the outset, the parties agree that Plaintiff filed his response to the motion to dismiss nine days after the deadline had passed. The Court notes that in Plaintiff's response to the motion to dismiss, he did not seek leave to file the belated response or acknowledge that the deadline had already passed. Rather, Plaintiff states that "counsel immediately filed the response when it learned that [the response] had not been timely filed. Said error was due to mis-calendaring of the event in plaintiff's counsel's calendar." (DE 17 ¶ 3).

Defendant argues the Court should grant its motion to strike because Plaintiff has not formally requested an extension of time to file a response to the motion to dismiss. Defendant further contends that the delay impacts its "responsibility to file a reply brief," resulting in prejudice. (DE 18 at 3). In support of its argument, Defendant cites *Raymond v. Ameritech Corporation*, 442 F.3d 600 (7th Cir. 2006) and *Peters v. Wal-Mart*, 876 F. Supp. 2d 1025 (N.D. Ind. 2012), *aff'd sub nom. Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622 (7th Cir. 2013).

However, *Raymond* and *Peters*, are distinguishable from this case.

The district court in *Peter* found counsel's delay inexcusable and emphasized that it had issued a written warning to the plaintiff's counsel "regarding procedural failures in the past." 876 F. Supp. 2d at 1031-32. Here, the Court has not issued Plaintiff's counsel any such warnings.

In *Raymond*, the Seventh Circuit found that the district court had not abused its discretion in denying a party's request for an extension of time to reply to a motion for summary judgment because discovery had been extended twice, the summary judgment briefing schedule had been pushed back twice, and 15 months had passed since the complaint was filed. 442 F.3d at 607. Comparatively, in this case, the complaint was filed approximately seven months ago (*see* DE 1), no discovery deadline has yet been set, and the briefing of Defendant's motion to dismiss has not been pushed back. Indeed, Plaintiff's delay was minimal—just nine days. And any prejudice suffered by Defendant because of this nine-day delay is abated by the fact that Defendant included a reply in support of its motion to dismiss in its memorandum in support of its motion to strike. (*See* DE 16 at 2-4). Accordingly, Defendant has not demonstrated prejudice as to warrant striking Plaintiff's response to the motion to dismiss.

Furthermore, upon realizing its error, Plaintiff's counsel "immediately" filed the belated response (DE 17 ¶ 3), suggesting that counsel acted in good faith, *see, e.g.*, *Saul v. Prince Mfg. Corp.*, No. 1:12-CV-270, 2013 WL 228716, at *2 (N.D. Ind. Jan. 22, 2013) (considering when finding excusable neglect, that as soon as counsel was alerted to the missed deadline, it filed a response the next day); *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-CV-21-PRC, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (same); *see also Castillo v. Nurnberg*, No. 3:12-cv-525, 2014 WL 1607386, at *2 (N.D. Ind. Apr. 21, 2014) (finding excusable neglect where delay was

attributable, in part, to an inadvertent calendaring error, the attorney rectified the error within 10 days of discovery, and there was no significant danger of prejudice to the defendant).

Ultimately, "[t]o preserve marginal deterrence and retributive justice, and avoid excessive expenditures on compliance, sanctions should be proportional to the gravity of the wrongdoing that they punish." *Lorenzen v. Employees Ret. Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 232 (7th Cir. 1990) (citation omitted). The delay was not "overtly lengthy and the potential impact on current judicial proceedings is minimal." *Castillo*, 2014 WL 1607386, at *2. In considering the lack of prejudice to Defendant, and Plaintiff's minimal delay in filing its response to the motion to dismiss, the Court finds that striking Plaintiff's response would be "an excessive sanction." *Id*. (collecting cases); *see also U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-CV-00129 JPG, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011*)* (noting that motions to strike are "generally disfavored" (citation omitted)); *see generally Cooper v. Nameoki Twp*., No. 14-CV-634-SMY-DGW, 2014 WL 5904580, at *1 (S.D. Ill. Nov. 13, 2014) ("Courts are reluctant to dismiss a case on technical grounds and prefer to decide cases on their merits.") (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962))).

### D. Conclusion

Therefore, because Plaintiff has demonstrated excusable neglect and because Defendant has failed to demonstrate prejudice, the Court DENIES Defendant's motion to strike under Rule 12(f) (DE 15) and DEEMS Plaintiff's response (DE 14) to Defendant's motion to dismiss timely filed. Likewise, Defendant's reply in support of its motion to dismiss—contained in Defendant's memorandum in support of its motion to strike (DE 16 at 2-4)—is DEEMED timely filed.

However, the Court ADMONISHES Plaintiff that it will not take lightly any belated filings by Plaintiff in the future. Additionally, the Court notes that while Plaintiff seeks an

extension of time to file an amended complaint in his response to the motion to dismiss, the Court has not yet set a deadline for Plaintiff to amend his pleadings.  Thus, Plaintiff's request for an extension of time to amend his pleadings is DEEMED MOOT.  If Plaintiff desires to amend his complaint, he needs to file a separate motion seeking leave to do so, attaching a proposed amended complaint in accordance with Local Rule 15-1.

    SO ORDERED.

    Entered this 8th day of May 2019.

                                         /s/ Susan Collins  
                                         Susan Collins  
                                         United States Magistrate Judge